UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CASUN INVEST, A.G., a Swiss corporation,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>MICHAEL PONDER, an individual; LEZLIE GUNN, an individual, and NVWS PROPERTIES, LLC, a Nevada limited liability company,<br>　　　　　　　　　　　Defendants. | Case No. 2:16-cv-02925-JCM-GWF<br><br>**FINDINGS AND RECOMMENDATION**<br><br>**Re: Motion to Amend (ECF No. 77)** |

This matter is before the Court on Third Party Defendant Lezlie Gunn's Motion for Leave to File Amended Third Party Complaint (ECF No. 77), filed on February 20, 2018. Third Party Defendant Hans-Peter Wild filed his Opposition (ECF No. 88) on March 6, 2018, and Third Party Plaintiff filed her Reply (ECF No. 90) on March 13, 2018. The Court conducted a hearing in this matter on March 29, 2018.

## BACKGROUND

Plaintiff Casun Invest, A.G., a Swiss corporation, alleges in its complaint that Defendant Michael Ponder, its former director, exercised the power of attorney granted to him by Plaintiff to transfer certain California real property to Defendant NVWS Properties, LLC in April 2013 in exchange for a payment of $1.5 million. The property allegedly had a fair market value of at least $3 million at the time of the sale. Defendant Lezlie Gunn allegedly formed NVWS as a Nevada limited liability company only a few weeks prior to the property transfer. She and Ponder also had a close personal relationship. Ponder never informed Casun of the sale of the California property or delivered the $1.5 million sales proceeds to it. Plaintiff alleges claims for constructive trust, equitable lien, unjust

1

enrichment, aiding and abetting breach of fiduciary duty, and civil conspiracy against NVWS and Gunn. Plaintiff also alleges a claim for alter ego liability against Gunn with respect to her control over NVWS. Plaintiff alleges claims for breach of fiduciary duty, constructive fraud, and civil conspiracy against Ponder.

On February 7, 2017, Defendant Gunn filed her answer to the complaint and asserted a third party complaint for express indemnity against Hans-Peter Wild. Gunn alleges that Wild is a member or director Casun Invest, A.G. and is its sole owner. On April 22, 2015, Wild executed an Indemnification Agreement whereby he agreed to indemnify and hold Gunn harmless from any claims, actions, suits and/or legal proceedings brought by any person or government entity. Gunn alleges that pursuant to the indemnity agreement, Wild must defend and indemnify her against the claims alleged by Casun. *Third Party Complaint* (ECF No. 12), at ¶ 1. Wild filed a motion to dismiss the third party complaint on the grounds that the court lacks personal jurisdiction over him. On February 16, 2018, the Court denied Wild's motion to dismiss, finding that it has specific personal jurisdiction over him with respect to Gunn's claim for express indemnification. *Order* (ECF No. 70).

Ms. Gunn filed a separate civil action against Dr. Wild in this district on January 7, 2017. *See Lezlie J. Gunn v. Hans-Peter Wild*, Case No. 2:17-cv-00072-JCM-GWF. In her amended complaint in that action, Gunn alleged that Wild breached his contractual duties under a Release and Settlement Agreement ("RSA") that Gunn and Wild executed in December 2015 to resolve all of their respective rights and obligations related to previously established claims, contracts, obligations and long stand-standing agreements. *Amended Complaint* (ECF No. 9), at ¶ 10. Wild moved to dismiss the original complaint and amended complaint on the grounds that the Court lacks general or specific personal jurisdiction over him. The Court granted Wild's motion to dismiss on January 18, 2018. *Order* (ECF No. 46).

Gunn's proposed amended third party complaint in this action alleges that Wild breached numerous provisions of the RSA, and failed and refused to honor his contractual obligations as agreed. *Motion* (ECF No. 77), *Exhibit A, Proposed Amended Third Party*

1  *Complain*, at ¶ 21.  The proposed amended third party complaint alleges that Wild failed to
2  pay all agreed-upon bills and expenses of Gunn, *id.* at ¶ 22; that Wild ceased paying for
3  Gunn's medical insurance, *id.* at ¶ 23; that Wild failed and refused to fund a $20 million
4  account that was used for educational purposes for certain children close to Gunn, *id.* at ¶
5  24; that Wild failed and refused to pay Gunn's yearly gift amount, *id.* at ¶ 25; and that Wild
6  failed and refused to provide various items throughout the year to emergency services
7  departments.  *Id.* at ¶ 26.  Gunn seeks to allege claims against Wild for breach of contract,
8  breach of the implied covenant of good faith and fair dealing, unjust enrichment, fraudulent
9  or intentional misrepresentation, conversion, and defamation.  These are the same claims
10 that the Court dismissed in Case No. 2:17-cv-00072-JCM-GWF based on lack of personal
11 jurisdiction over Wild.

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that the court may grant a party leave to amend her pleading and that such leave should be freely granted when justice so requires.  "This policy is 'to be applied with extreme liberality.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend may be denied because of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of amendment.  *Id.* at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 183 S.Ct. 227 (1962)).  Wild relies on the factors of bad faith and futility in opposing Gunn's motion for leave to file the proposed amended third party complaint.

Wild argues that the additional claims alleged in the proposed amended third party complaint exceed the scope of claims that may be pursued by third party practice.  Rule 14(a) of the Federal Rules of Civil Procedure states that "[a] defending party may, as a third party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  In *Stewart v. American Intern. Oil & Gas Co.*, 845

3

F.2d 196, 199 (9th Cir. 1988), the court stated that "a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereof." The court further quoted Professors Wright and Miller, 6 *Fed. Prac. & Proc.* § 1446 at 257 (1971 ed.) that:

> . . . [the claim] cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

Plaintiff Casun Invest. A.G. alleges in the main claim that Defendant Ponder wrongfully transferred its California real property to Defendant NVWS, which was formed by Defendant Gunn. Plaintiff requests that the transfer be set aside and that Defendants be held liable to it for compensatory and punitive damages arising out of the wrongful transfer. The Court has held that Gunn's claim against Wild for express indemnity is derivative of and dependent on the claims asserted against her by Casun, and that it has specific personal jurisdiction over Wild with respect to the claim for indemnification.

The additional claims that Gunn seeks to assert against Wild are not dependent on or derivative of the main claim alleged by Casun. Rather, these are separate claims that Gunn has or may have against Wild pertaining to his obligations under the Release and Settlement Agreement, or as a result of his tortious misconduct. These claims are not dependent on whether Gunn is found liable to Casun with respect to the transfer of the California property and the failure to pay over the sales proceeds. The claims are not within the scope of claims that may be brought pursuant to Rule 14(a).

The Court determined in the separate lawsuit brought by Gunn that it does not have personal jurisdiction over Wild with respect to the claims that Gunn now seeks to assert in the proposed amended third party complaint. Allowing Gunn to allege those claims through the vehicle of a third party complaint does not create personal jurisdiction over Wild with

respect to those claims. Gunn's motion for leave to file the amended third party complaint should therefore be denied as futile. Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Lezlie Gunn's Motion for Leave to File Amended Third Party Complaint (ECF No. 77) be **denied.**

Dated this 30th day of March, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).