UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CASUN INVEST, A.G., a Swiss corporation,<br><br>Plaintiff,<br>v.<br>MICHAEL H. PONDER, et al.,<br><br>Defendants. | Case No. 2:16-cv-02925-JCM-GWF<br><br>**Re: Motion to Compel/Sanctions (ECF No. 106)** |

This matter is before the Court on Plaintiff's Motion to Compel Continued Deposition and for Sanctions (ECF No. 106), filed on May 25, 2018. Defendant filed his Opposition (ECF No. 111) on June 8, 2018, and Plaintiff filed its Reply (ECF No. 113) on June 15, 2018. The Court conducted a hearing in this matter on June 22, 2018.

**BACKGROUND AND DISCUSSION**

During the deposition of Defendant Michael Ponder on April 18, 2018, his counsel objected to a series of questions on the grounds that they were irrelevant and instructed Defendant Ponder not answer the questions. Defendant Ponder followed his counsel's instructions. Defendant's counsel did not adjourn the deposition and move for a protective order regarding the questions. Nor did Defendant promptly move for a protective order following the deposition. Instead, Defendant waited until Plaintiff filed a motion to compel and then opposed the motion on the grounds that the questions were irrelevant and Plaintiff did not adequately meet and confer prior to filing the motion to compel and for sanctions.

. . .

. . .

. . .

As stated in *Brincko v. Rio Properties, LLC*, 278 F.R.D. 576, 580-81 (D.Nev. 2011):

> Rule 30 is quite clear on what types of objections counsel may make during a deposition, and when counsel may instruct a deponent not to answer a question. Rule 30(c)(2) provides, in relevant part:
>
>> Any objection must be stated concisely in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).
>
> Fed.R.Civ.P. 30(c)(2).
>
> Counsel may instruct a witness not to answer a deposition question only under three circumstances: (1) "when necessary to preserve a privilege;" (2) "to enforce a limitation on evidence directed by the court;" or (3) to protect a witness from an examination "being conducted in bad faith or in such a manner as unreasonably may annoy, embarrass, or oppress the deponent or party." Fed.R.Civ.P. 30(c)(2) & (d)(3)(A). A lawyer may not instruct a witness not to answer repetitious, harassing or argumentative deposition questions. *See Fondren v. Republic American Life Ins.*, 190 F.R.D. 597, 600 (N.D.Okla. 1999). The remedy for oppressive, annoying and improper deposition questions is not simply to instruct a witness not to answer. Rather it requires suspending the deposition and filing a motion under Rule 30(d)(3). Simply put, there are very few circumstances in which an instruction not answer a deposition question is appropriate.

*See also In re Stratosphere Corporation Securities Litig.*, 182 F.R.D. 614, 619 (D.Nev. 1998).

Here, Defendant's counsel did not follow the proper procedure if she believed that the questions were being asked in bad faith, or to annoy, embarrass, or oppress Defendant Ponder. Nor does the record reasonably support such a finding. The questions related to a contract or transaction between Defendant and Dr. Hans-Peter Wild that is not at issue in this lawsuit. Plaintiff asserted that the questions were relevant to Defendant's alleged bias. It is perhaps debatable whether the questions were relevant. The Court does not have to make that determination, however, because lack of relevance was not a justification for refusing to answer. During the deposition, Defendant's counsel did not assert that the questions were being asked in bad faith or in order to annoy, embarrass or oppress Defendant. Even if Defendant's counsel believed such was the case, she did not follow the proper procedure to address the issue.

Prior to filing the motion to compel, Plaintiff's counsel contacted Defendant's counsel to determine if Defendant would appear and answer the questions without the need to file a motion. Defendant's counsel advised that Defendant would not answer the questions. Plaintiff complied with its "meet and confer" obligations under Fed.R.Civ.P. 37(a)(1). The Court therefore grants Plaintiff's motion to compel Defendant Ponder to reappear for deposition for up to one hour to answer the questions he refused to answer, together with reasonable follow-up questions relating thereto.

The Court also grants Plaintiff's motion for an award of sanctions pursuant to Rule 37(a)(5)(A) and imposes those sanctions on Defendant's counsel. The rule states that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including reasonable attorney's fees." In this case, Defendant refused to answer questions pursuant to the instructions of his counsel. There is no indication that he would have refused to answer the questions had he not been so instructed. It was, therefore, Defendant's counsel's conduct which necessitated the motion to compel. Plaintiff may file the application for expenses, including attorney's fees, after the completion of Defendant Ponder's deposition. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Continued Deposition and for Sanctions (ECF No. 106) is **granted** in accordance with the foregoing provisions of this order.

DATED this 25th day of June, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE