# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CASUN INVEST, A.G.,, <br><br> Plaintiff(s), <br><br> v. <br><br> MICHAEL H. PONDER, et al., <br><br> Defendant(s). | Case No. 2:16-CV-2925 JCM (GWF) <br><br> ORDER |

Presently before the court is Magistrate Judge Foley's report and recommendation to deny defendant/third party plaintiff Lezlie Gunn's motion for leave to file amended third party complaint. (ECF No. 96). Gunn filed a timely objection (ECF No. 100), to which third party defendant Hanz-Peter Wild filed a response (ECF No. 104).

Also before the court Gunn's motion for leave to file amended third party complaint. (ECF No. 77). Wild filed a response (ECF No. 88), to which Gunn replied (ECF No. 90).

**I.  Facts**

This action arises from a dispute regarding Gunn's sale of real property located at 140 Josselyn Lane, Woodside, California 94602. (ECF No. 1). On December 16, 2016, Plaintiff Casun Invest, A.G. filed the underlying complaint, asserting nine (9) causes of action. (*Id*.). The claims derive from Casun's allegation that defendants Gunn, Michael Ponder, and NVWS Properties, LLC conspired to take the property from Casun without paying compensation. (*Id*.).

On January 7, 2017, Gunn filed a separate civil action with this court and raised causes of action against Wild. *See Gunn v. Wild*, No. 2:17-cv-72-JCM-GWF (D. Nev. Jan. 18, 2017). The court dismissed the case for lack of personal jurisdiction over Wild. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

On February 7, 2017, Gunn filed his answer and a third party complaint against Wild. (ECF No. 12). In the third party complaint, Gunn alleges that Wild entered into an indemnification agreement that requires Wild to indemnify Gunn against the claims that Casun alleged. (*Id*.).

On April 6, 2017, Wild filed a motion to dismiss the third party complaint for lack of personal jurisdiction. (ECF No. 20). On February 16, 2018, the court denied Wild's motion to dismiss, holding that the court has specific jurisdiction over the indemnity claim. (*Id*.). Four day later, Gunn filed a motion requesting leave to amend the third party complaint. (ECF No. 77). The amended third party complaint raises six (6) additional causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) fraudulent misrepresentation; (5) conversation; and (6) defamation. (*Id*.). These were the same causes of action that Gunn had raised in *Gunn v. Wild*. *See Gunn v. Wild*, No. 2:17-cv-72-JCM-GWF (D. Nev. Jan. 18, 2017).

On March 30, 2018, Magistrate Judge Foley entered his findings and recommended denial of Gunn's motion for leave to file an amended complaint because the amendment would be futile. (ECF No. 96). The magistrate judge provided two grounds for futility: (1) the additional claims are not dependent or derivative of Casun's main claim, as required by the Federal Rule of Civil Procedure 14(a); and (2) the court does not have personal jurisdiction over the claims. (*Id*.).

**II.    Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party fails to object to a magistrate judge's report and recommendation, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**III.    Discussion**

Gunn filed a timely objection to the report and recommendation. Therefore, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

Federal Rules of Civil Procedure 14 and 15 set forth the conditions under which a third party plaintiff can amend a third party complaint.

Federal Rule of Civil Procedure 14(a) states that "[a] defending party may, as a third party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereof." *Stewart v. American Intern. Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id*.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Further, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." LR 15-1(a).

The magistrate judge's recommendation provides two grounds for denying Gunn's motion for leave to file amended third party complaint. (ECF No. 96). First, under Rule 14(a), the additional claims are not secondary or derivative of Casun's main claim because they are based on obligations pertaining to the Release and Settlement Agreement or as a result of Wild's alleged tortious misconduct. (*Id*.). Second, the court has already determined in a previous case that it does not have personal jurisdiction over Wild for the additional six (6) claims. (*Id*.).

James C. Mahan
U.S. District Judge

- 3 -

Gunn objects to the magistrate judge's recommendation, arguing that the magistrate judge failed to consider a multi-factor test that some courts in the Northern District of California use. (ECF No. 16). Gunn did not address whether this court has personal jurisdiction over Wild with respect to the additional claims.

Case law in the Northern District of California is not binding on this court. Thus, the magistrate judge did not err when he refrained from using the multi-factor test that Gunn proposes. Further, a review of the pleadings show that the additional claims are not derivative of Casun's main claim. This action stems from Gunn's alleged unlawful sale and acquisition of the property, and Gunn has properly raised a third party claim against Wild for indemnification. However, claims such as defamation and unjust enrichment against a third party do not derive from Casun's main claim. Instead, they are independent, though related, causes of action. Further, the court has already determined that it does not have personal jurisdiction over Wild with respect to the additional claims. Accordingly, the court will adopt the magistrate judge's recommendation in its entirety and deny Gunn's motion for leave to file amended third party complaint.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's R&R (ECF No. 96) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that Gunn's motion for leave to file amended third party complaint (ECF No. 77) be, and the same hereby is, DENIED.

DATED September 21, 2018.

_____
UNITED STATES DISTRICT JUDGE