UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CASUN INVEST, A.G.,,

Plaintiff(s),

v.

MICHAEL H. PONDER, et al.,

Defendant(s).

Case No. 2:16-CV-2925 JCM (GWF)

ORDER

Presently before the court is third party defendant Hans-Peter Wild's motion for judgment on the pleadings. (ECF No. 85). Defendant/third party plaintiff Lezlie Gunn filed a response (ECF No. 91), to which Wild replied (ECF No. 92).

Also before the court is Gunn, defendant Michael Ponder, and defendant NVWS Properties, LLC's ("NVWS") (collectively "defendants") objection to Magistrate Judge Foley's orders. (ECF No. 143). Wild and plaintiff Casun Invest, A.G. ("Casun") filed a response. (ECF No. 148).

Also before the court is Casun, Ponder, Gunn, NVWS, and Wild's joint motion for expedited consideration. (ECF Nos. 159, 160).

I.      **Facts**

This action arises from a dispute regarding the sale of real property located at 140 Josselyn Lane, Woodside, California 94602 ("Woodside property"). (ECF No. 1).

Casun, a Swiss corporation, alleges that it owned the Woodside property until its former director, Ponder, unlawfully transferred the property to NVWS in exchange for $1.5 million. *Id*. Casun further alleges that it has not received any portion of the sale proceeds. *Id*. Gunn admits that he created NVWS as a Nevada limited liability company approximately three weeks prior to

James C. Mahan
U.S. District Judge

the Woodside conveyance, but denies that he conspired with Ponder to take the Woodside property from Casun without paying compensation.  (ECF No. 12).

On December 16, 2016, Casun filed the underlying complaint, asserting nine causes of action: (1) constructive trust against NVWS and Gunn; (2) equitable lien against NVWS and Gunn; (3) unjust enrichment against NVWS and Gunn; (4) breach of fiduciary duty against Ponder; (5) aiding and abetting breach of fiduciary duty against NVWS and Gunn; (6) constructive fraud against Ponder; (7) civil conspiracy against Ponder, NVWS, and Gunn; (8) alter ego liability against Gunn; (9) attorney's fees and costs against Ponder, NVWS, and Gunn.  (ECF No. 1).

On February 7, 2017, Gunn filed a third party complaint against Wild, who owns 98% of the stock in Casun.  (ECF Nos. 12, 135).  Gunn asserts a single third party claim for express indemnity pursuant to a contract that allegedly requires Wild to indemnify Gunn against any and all claims.  (ECF No. 12).

The parties have litigated this case for approximately two years and are currently in discovery.  Casun, Gunn, and Ponder seek to depose Wild.  (ECF No. 135).  However, the parties dispute where the deposition should take place.  *Id.*  On September 13, 2018, Magistrate Judge Foley issued an order directing the parties to conduct Wild's deposition in Zug, Switzerland.  (ECF No. 135).  On that same day the magistrate judge appointed a commissioner to request that Wild voluntarily appear for his deposition.  (ECF No. 136).

Now, Wild moves for judgment on the pleadings pertaining to Gunn's third party claim for express indemnity.  (ECF No. 85).  In addition, the defendants have filed an objection to the magistrate judge's orders (ECF Nos. 135, 136).  (ECF No. 143).

## II.    Legal Standard

### a.    Judgment on the pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

"[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

### b. Objection to a magistrate judge order

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters. Fed. R. Civ. P. 72(a). For a party to prevail on an objection pursuant to Rule 72(a) the movant must show that "the magistrate judge's order is clearly erroneous or contrary to law." LR IB 3–1(a); 28 U.S.C. § 636(b)(1)(A). Under this standard, courts review factual determinations for clear error and legal conclusions *de novo*. *United States v. McConney*, 728 F.2d 1195, 1200–1201 (9th Cir. 1984) (overruled on other grounds by *Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991)

## III. Discussion

Before the court are two substantive motions. First, the court will deny Wild's motion for judgment on the pleadings. Second, the court will deny defendants' objection to the magistrate judge's orders.

### a. Judgment on the pleadings

Wild argues that the court should enter judgment on the pleadings because Gunn's cause of action for express indemnity fails as a matter of law. The court disagrees.

Gunn alleges that, pursuant to the indemnification agreement, "Wild is obligated to defend and indemnify Gunn against any claims, actions, suits, and/or legal proceedings brought by any person, entity, or government agency." (ECF No. 12). The general allegations in the third party complaint provide substantial details in support of a claim for express indemnity. *See id.*

James C. Mahan
U.S. District Judge

The court may also take into account materials to which it can take judicial notice. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999). As Gunn references the indemnification agreement in her third party complaint and no party questions its authenticity, it is properly subject to judicial notice.[1] *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted).

Generally, indemnity agreements are enforceable legal contracts and can provide grounds to raise a claim for express indemnity. *See Transamerica Premier Ins. Co. v. Terry W. Nelson*, 110 Nev. 951 (Nev. 1994); *American Federal Sav. Bank v. County of Washoe*, 802 P.2d 1270, 1273 (Nev. 1990). Unlike most contracts, indemnification agreements are "strictly construed and will not be held to provide indemnification unless it is so stated in clear and unequivocal language." *George L. Brown Ins. v. Star Ins. Co.*, 237 P.3d 92, 97 (Nev. 2010).

The indemnification agreement in this case contains a provision the significantly limits Wild's obligation to indemnify Gunn. The contract read in pertinent part:

> In the event or situation that any person, entity, or governmental agency of any jurisdiction or country, threatens, attempts or proceeds, indirectly or directly, with any claim(s), action(s), suit(s) and/or legal proceedings(s) against Lezlie J. Gunn, at any time and for any reason whatsoever, for, or in relation to, anything, whether it is tangible, or intangible or real property, *that Lezlie J. Gunn received and/or will receive from Dr. Hans-Peter Wild and/or his estate*, during his life or through his estate, Dr. Hans-Peter Wild hereby agrees that he, his estate, and/or any foundation(s) or entities Dr. Hans-Peter Wild has or will create, shall defend, indemnify, forever release, and hold Lezlie J. Gunn completely harmless . . .

(ECF No. 85) (emphasis added). Because indemnity agreements are "strictly construed," this provision limits Wild's indemnity obligations to claims that arise from property that Gunn received from Wild or Wild's estate. *George*, 237 P.3d at 97.

This case arises from the conveyance of the Woodside property. (ECF No. 1). Gunn alleges in her third party complaint that Wild, who owns 98% of Casun, authorized Casun to sell the Woodside property to NVWS. (ECF No. 12). Gunn also admits that she formed NVWS approximately three weeks prior to the Woodside conveyance. *Id.* These allegations are consistent

---

[1] Wild has provided the court with a copy of the indemnification agreement as an attachment to his motion for judgment on the pleadings. (ECF No. 85).

James C. Mahan
U.S. District Judge

with Gunn's claim for express indemnity.  Moreover, Gunn's pleading does not contain any allegation that, if true, would render the indemnity agreement inapplicable to the claims that arise in this action.  Accordingly, the court will deny Wild's motion for judgment on the pleadings (ECF No. 85).

### b.  Objection to the magistrate judge's orders

The defendants argue that the magistrate judge improperly weighed the *Cadent* factors in favor of deposing Wild in Switzerland.  (ECF No. 143).  The court disagrees.

"A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).  Although there is a general presumption that the deposition of a defendant should take place at the defendant's place of residence, *see, e.g.,* *Sacramento E.D.M., Inc. v. Hynes Aviation Indus., Inc.*, No. 2:13–cv–0288 MCE KJN, 2014 WL 4471419, at *1 (E.D. Cal. Sept. 10, 2014), that presumption is not conclusive.

District courts in the Ninth Circuit examine several factors to determine where a deposition should take place: (1) whether all counsel are located in the forum district; (2) the number of corporate representatives to be deposed; (3) the likelihood of discovery disputes requiring judicial intervention during the deposition; (4) whether the persons sought to be deposed often travel to the forum district for business; and (5) "the equities with regard to the nature of the claim and the parties' relationship." *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628–29 (C.D. Cal. 2005).

The magistrate judge initially reasoned that, because the parties have significant financial resources, they would not suffer significant hardship if the court required them to travel.  (ECF No. 135).  Moreover, the magistrate judge emphasized that he previously directed the parties to meet and confer regarding the scope of discovery and further required that the deposition take place at a time where the court is available to resolve disputes.  *Id.*  What appears to have definitively swayed the magistrate judge in favor of granting Wild's motion was that deposing Wild in Nevada would likely require him to litigate immunity from service and personal jurisdiction in this district.  *Id.*  Wild's ownership of and common interest with Casun did not override the foregoing factors.  *Id.*

1    The court has reviewed the record and does not find any error in the magistrate judge's
2  analysis.  Accordingly, the court will affirm the magistrate judge's orders (ECF Nos. 135, 136).

3  **IV.    Conclusion**

4         Accordingly,

5         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge
6  Foley's orders (ECF Nos. 135, 136) be, and the same hereby are, AFFIRMED.

7         IT IS FURTHER ORDERED that Wild's motion for judgment on the pleadings (ECF No.
8  85) be, and the same hereby is, DENIED.

9         IT IS FURTHER ORDERED that defendants' objection to the magistrate judge's orders
10  (ECF No. 143) be, and the same hereby is, DENIED.

11         IT IS FURTHER ORDERED that the parties' joint motion for expedited consideration
12  (ECF Nos. 159, 160) be, and the same hereby is, GRANTED.

13         DATED December 6, 2018.

_____
UNITED STATES DISTRICT JUDGE