AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
BRITTANY WOOD, ESQ.
Nevada Bar No. 007562
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: amaurice@klnevada.com
bwood@klnevada.com

Attorneys for Plaintiff,
CASUN INVEST, A.G. and Third-Party
Defendant, HANS-PETER WILD

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CASUN INVEST, A.G., a Swiss corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL H. PONDER, an individual; LEZLIE GUNN, an individual; and NVWS PROPERTIES LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO.: 2:16-cv-02925-JCM-GWF<br><br>**AMENDED ORDER APPOINTING COMMISSION TO REQUEST DEPOSITION PURSUANT TO ARTICLE 17 OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |
| LEZLIE GUNN, an individual,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>HANS-PETER WILD, an individual,<br><br>Third-Party Defendant. | |

**AMENDED ORDER APPOINTING COMMISSION TO REQUEST DEPOSITION PURSUANT TO ARTICLE 17 OF THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

TO:
Mr. Aaron R. Maurice
Kolesar & Leatham
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89135

Mr. Jason R. Maier
Maier Gutierrez & Associates
8816 Spanish Ridge Ave.
Las Vegas, Nevada 89148

Dr. jur. Georg Naegeli
Homburger AG
Prime Tower
Hardstrasse 201
CH-8005 Zurich

Mr. Joseph A. Gutierrez
Maier Gutierrez & Associates
8816 Spanish Ridge Ave.
Las Vegas, Nevada 89148

Dr. jur. Roman Baechler
Homburger AG
Prime Tower
Hardstrasse 201
CH-8005 Zurich

Mr. Philip M. Hymanson
Hymanson & Hymanson
8816 Spanish Ridge Ave.
Las Vegas, Nevada 89148

Mr. Henry J. Hymanson
Hymanson & Hymanson
8816 Spanish Ridge Ave.
Las Vegas, Nevada 89148

You have been duly appointed as commissioners and are hereby authorized, pursuant to Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to request that Dr. Hans-Peter Wild voluntarily appear for a deposition in Zug, Switzerland related to above-referenced matter. You are further authorized to administer Dr. Wild's deposition in accordance with the United States Federal Rules of Civil Procedure or, in the alternative, in such manner as provided by local law for the taking of evidence.

Date: February 1, 2019

_____
The Honorable GEORGE W. FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE,
UNITED STATES DISTRICT COURT,
DISTRICT OF NEVADA

# EXHIBIT 2

1  AARON R. MAURICE, ESQ.
   Nevada Bar No. 006412
2  BRITTANY WOOD, ESQ.
   Nevada Bar No. 007562
3  **KOLESAR & LEATHAM**
   400 South Rampart Boulevard, Suite 400
4  Las Vegas, Nevada 89145
   Telephone: (702) 362-7800
5  Facsimile: (702) 362-9472
   E-Mail:   amaurice@klnevada.com
6            bwood@klnevada.com

7  Attorneys for Plaintiff,
   CASUN INVEST, A.G. and Third-Party
8  Defendant, HANS-PETER WILD

9
                       UNITED STATES DISTRICT COURT
10
                             DISTRICT OF NEVADA
11
                                   * * *
12 | CASUN INVEST, A.G., a Swiss corporation,   | CASE NO.: 2:16-cv-02925-JCM-GWF
13 |                      Plaintiff,            |
14 | vs.                                        | **AMENDED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**
15 | MICHAEL H. PONDER, an individual;          |
   | LEZLIE GUNN, an individual; and NVWS       |
16 | PROPERTIES LLC, a Nevada limited liability |
   | company,                                   |
17 |                                            |
   |                      Defendants.           |
18
19 | LEZLIE GUNN, an individual,
20 |                      Third-Party Plaintiff,
21 | vs.
22 | HANS-PETER WILD, an individual,
23 |                      Third-Party Defendant.
24
25
26
27
28

**AMENDED REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court, District of Nevada ("the Court"), presents its compliments to the High Court and the Cantonal Court of Zug under the Hague Convention on the Taking of Evidence Abroad in Civil of Commercial Matters ("Hague Evidence Convention") and, pursuant to Article 17 of the Hague Evidence Convention, requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter. This Court respectfully requests that the High Court of Zug forward this request to the Cantonal Court of Zug, that the latter recognize this Amended Letter of Request from this Court and accompanying Commission, and that the Federal Department of Justice and Police authorizes the taking of evidence in the territory of Switzerland by the commissioners appointed for this purpose as developed below, in adherence to Article 17 of the Hague Evidence Convention and in the interest of comity.[1]

A. *Sender*

Office of the Clerk
United States District Court for the District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101
T: (702) 464-5400

B. *Central Authority of the Requested State*

Obergericht Zug
Rechtshilfe
Kirchenstrasse 6
Postfach 760
CH-6301 Zug
T: +41 41 723 62 20
F: +41 41 723 62 30

/ / /

---

[1] Pursuant to Article 4 of the Hague Convention, this Amended Letter of Request will be provided to the High Court of Zug with a German translation.

**C.** *Person to Whom the Authorized Commission is to be Returned*

Aaron R. Maurice, Esq.
Kolesar & Leatham
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
T: (702) 362-7800
F: (702) 362-9472

**D.** *Purpose of Evidence Sought and Requested Date of Receipt of the Response to the Amended Letter of Request*

The requested commission will permit the collection of evidence to be used by the parties to support their claims and defenses in the above-captioned case. Dr. Hans-Peter Wild has indicated that he is willing to voluntarily appear for his deposition in Zug, Switzerland on March 20 and 21, 2019. Accordingly, the Court requests a prompt response to this Amended Letter of Request.

**I. HAGUE EVIDENCE CONVENTION REQUIREMENTS**

This Court requests the assistance more specifically described herein as necessary in the interests of justice. In conformity with Article 3 of the Hague Evidence Convention, the undersigned applicant has the honor to submit the following request:

**A.** *Requesting Judicial Authority*

Office of the Clerk
United States District Court for the District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101
T: (702) 464-5400

**B.** *Central Authority of the Requested State*

Obergericht Zug
Rechtshilfe
Kirchenstrasse 6
Postfach 760
CH-6301 Zug
T: +41 41 723 62 20
F: +41 41 723 62 30

///

**C.** *Name of the Case and Identifying Number*

*Casun Invest, A.G. v. Ponder*, Civil Case No. 2:16-CV-02925-JCM-GWF

**D.** *Names and Addresses of the Parties and their Representatives*

1. *Plaintiff*

   Casun Invest, A.G.
   Dammstrasse 19
   CH-6300 Zug
   hrwild@schweigerlaw.ch

2. *Plaintiff's Representatives*

   Aaron R. Maurice, Esq.
   Brittany Wood, Esq.
   Kolesar & Leatham
   400 S. Rampart Boulevard, Suite 400
   Las Vegas, Nevada 89145
   amaurice@klnevada.com
   bwood@klnevada.com
   T: (702) 362-7800
   F: (702) 362-9472

3. *Defendants*

   Michael H. Ponder
   4045 South Buffalo Drive, #A101-283
   Las Vegas, Nevada 89147
   mikehponder@yahoo.com

   Lezlie Gunn
   4045 South Buffalo Drive, #A101-171
   Las Vegas, Nevada 89147
   lezlieusa@yahoo.com

   NVWS Properties LLC
   701 S. Carson Street, Suite 200
   Carson City, Nevada 89701
   lezlieusa@yahoo.com

4. *Defendants' Representatives*

   Philip M. Hymanson, Esq.
   Henry J. Hymanson, Esq.
   Hymanson & Hymanson
   8816 Spanish Ridge Avenue
   Las Vegas, Nevada 89148
   Phil@HymansonLawNV.com
   Hank@HymansonLawNV.com
   T: (702) 629-3300

F: (702) 629-3332
Jason R. Maier, Esq.
Joseph A. Gutierrez, Esq.
Maier Gutierrez & Associates
8816 Spanish Ridge Ave.
Las Vegas, Nevada 89148
jrm@mgalaw.com
jag@mgalaw.com
T: (702) 629-7900
F: (702) 629-7925

C. Robert Peterson
Durrant Peterson
1125 S. Eastern Ave. #120
Henderson, NV 89052
bpeterson@durrantpeterson.com
T: (702) 430-7888
F: (702) 430-9993

5. *Third-Party Plaintiff*

Lezlie Gunn
4045 South Buffalo Drive, #A101-171
Las Vegas, Nevada 89147
lezlieusa@yahoo.com

6. *Third-Party Plaintiff's Representatives*

Philip M. Hymanson, Esq.
Henry J. Hymanson, Esq.
Hymanson & Hymanson
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Phil@HymansonLawNV.com
Hank@HymansonLawNV.com
T: (702) 629-3300
F: (702) 629-3332

Jason R. Maier, Esq.
Joseph A. Gutierrez, Esq.
Maier Gutierrez & Associates
8816 Spanish Ridge Ave.
Las Vegas, Nevada 89148
jrm@mgalaw.com
jag@mgalaw.com
T: (702) 629-7900
F: (702) 629-7925

C. Robert Peterson
Durrant Peterson
1125 S. Eastern Ave. #120
Henderson, NV 89052
bpeterson@durrantpeterson.com
T: (702) 430-7888
F: (702) 430-9993

7. *Third-Party Defendant*

Dr. Hans-Peter Wild
Kirchenstrasse 4
CH-6300 Zug
wild@hpwh.ch

8. *Third-Party Defendant's Representatives*

Aaron R. Maurice, Esq.
Brittany Wood, Esq.
Kolesar & Leatham
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
amaurice@klnevada.com
bwood@klnevada.com
T: (702) 362-7800
F: (702) 362-9472

Dr. jur. Georg Naegeli
Dr. jur. Roman Baechler
Homburger AG
Prime Tower
Hardstrasse 201
CH-8005 Zurich
georg.naegeli@homburger.ch
roman.baechler@homburger.ch
T: +41 43 222 10 00
F: +41 43 222 15 00

**E.   *Nature of the Proceedings and Summary of the Case and Relevant Facts***

The above-captioned case is a civil lawsuit brought by Plaintiff Casun Invest, A.G. ("Casun") against Defendants seeking money damages and equitable relief resulting from the alleged fraudulent conveyance of a piece of real property. The Plaintiff's Complaint alleges the following causes of action against the Defendants: (1) constructive trust; (2) equitable lien; (3) unjust enrichment; (4) breach of fiduciary duty; (5) aiding and abetting breach of fiduciary duty; (6) constructive fraud; and (6) civil conspiracy.

The Complaint alleges that in April of 2013, Defendant Michael H. Ponder ("Ponder"), a Direktor of Plaintiff, executed a Grant Deed that conveyed real property in Woodside, California ("Woodside Property") to Defendant NVWS Properties LLC ("NVWS") (an entity owned and controlled by Defendant Lezlie Gunn ("Gunn")) without obtaining the approval of Casun's Board

1  of Directors. The Grant Deed contained information indicating that the Woodside Property was
2  sold for $1,500,000 (an amount alleged by Plaintiff to be far below the property's fair market
3  value). Plaintiff further alleges no sales proceeds were ever remitted by Mr. Ponder to Casun in
4  connection with the purported sale.

5   The Defendants assert that Dr. Wild, as the 98% majority shareholder of Plaintiff, set the
6  purchase price and authorized Mr. Ponder to sell the Woodside Property, and further that all
7  monies were paid per the terms of the sale (Ms. Gunn alleges that she provided jewelry to Dr. Wild
8  as consideration for the Woodside Property). Plaintiff points out that Dr. Wild was neither an
9  officer nor Direktor of Casun.

10   Ms. Gunn has filed a Third-Party Complaint against Dr. Wild alleging that Dr. Wild is
11 contractually obligated to indemnify Ms. Gunn, and more specifically that on April 22, 2015, Dr.
12 Wild executed an Indemnification Agreement whereby he agreed to indemnify and hold Ms. Gunn
13 harmless from any claims, actions, suits, and/or legal proceedings brought by any person, entity
14 or government entity. Ms. Gunn alleges that Dr. Wild executed this Indemnification Agreement in
15 anticipation of Ms. Gunn executing a Release and Settlement Agreement whereby she would
16 execute a similar indemnification agreement in favor of Dr. Wild's two sons. Dr. Wild has been
17 unable to locate any Indemnification Agreement executed by Ms. Gunn in favor of his sons.

18   Dr. Wild defends against the Third-Party Complaint by pointing out that the indemnity
19 agreement relied upon by Ms. Gunn, by its plain terms, only applies to claims that relate to items
20 that Ms. Gunn received or will receive from Dr. Wild and/or his estate and, under Nevada law, an
21 indemnification agreement only indemnifies an indemnitee as to the legal consequences of his/her
22 negligent or intentional acts if the indemnification agreement explicitly provides as such. Ms.
23 Gunn disagrees with Dr. Wild's position.

24   The parties are currently engaged in discovery, where the parties exchange information
25 concerning their claims and defenses. The Court accordingly has not addressed the merits of the
26 allegations made in the case.

27   The parties contend that the information sought by this request is available to the High
28

1  Court of Zug.  This Court respectfully requests that the High Court of Zug act on this request
2  expeditiously.

### F. *Evidence to be Obtained*

Dr. Wild's testimony is relevant to the claims, defenses and third-party claims asserted in the above-captioned case.  Accordingly, this Court respectfully requests that the High Court of Zug recognize the attached Amended Commission, so that the appointed commissioners may lawfully obtain testimony from Dr. Wild, who resides at Kirchenstrasse 4, CH-6300 Zug, on the following topics:

1. Dr. Wild's relationship with Ms. Gunn;
2. Dr. Wild's knowledge regarding Ms. Gunn's background;
3. Dr. Wild's conversations and/or communications with Ms. Gunn;
4. Dr. Wild's involvement with Casun;
5. Dr. Wild's knowledge regarding the ownership of Casun;
6. Dr. Wild's knowledge (if any) regarding the management of Casun;
7. Dr. Wild's knowledge (if any) regarding Casun's acquisition of the Woodside Property;
8. Dr. Wild's knowledge regarding the Woodside Property;
9. Dr. Wild's knowledge regarding his visits to the Woodside Property;
10. Dr. Wild's knowledge regarding documents pertaining to or referencing the Woodside Property;
11. Dr. Wild's knowledge regarding loans pertaining to the Woodside Property;
12. Dr. Wild's knowledge regarding the sale/conveyance of Casun's interest in the Woodside Property to NVWS;
13. Dr. Wild's discussions with Ms. Gunn and/or Mr. Ponder regarding the sale/conveyance of Casun's interest in the Woodside Property to NVWS;
14. Dr. Wild's knowledge regarding Casun's acquisition of any properties or assets;
15. Dr. Wild's knowledge regarding Casun's operations;

16. Dr. Wild's knowledge regarding the purpose of Casun;

17. Dr. Wild's knowledge regarding the finances or financial transactions of Casun;

18. The litigation between Calvin Gunn, Casun, Dr. Wild, Ms. Gunn and Ronald Richard Simpson regarding the Woodside Property;

19. Dr. Wild's knowledge (if any) regarding the preparation of the Grant Deed purporting to convey Casun's interest in the Woodside Property to NVWS;

20. Dr. Wild's knowledge (if any) regarding Mr. Ponder's execution and delivery of the Grant Deed purporting to convey Casun's interest in the Woodside Property to NVWS ("Woodside Conveyance");

21. Dr. Wild's knowledge (if any) regarding the recording of the Grant Deed on April 25, 2013, in the Official Records of the County of San Mateo, California, as Instrument No. 2013-062730 ("Deed");

22. Dr. Wild's knowledge regarding Stephanie Mückenmüller's role as his private secretary and/or Mr. Ponder's assistant;

23. Dr. Wild's knowledge (if any) regarding Ms. Gunn's claim that she provided consideration in connection with the Woodside Conveyance;

24. Dr. Wild's knowledge (if any) regarding the documents produced by Ms. Gunn to support her claim regarding the consideration allegedly provided in connection with the Woodside Conveyance;

25. Dr. Wild's relationship with Mr. Ponder;

26. Dr. Wild's knowledge regarding Mr. Ponder's background;

27. Dr. Wild's opinion of Ms. Gunn's character for truthfulness;

28. Dr. Wild's knowledge regarding Ms. Gunn's reputation for truthfulness;

29. Dr. Wild's knowledge regarding specific instances in which Ms. Gunn has been truthful or untruthful;

30. Dr. Wild's opinion of Mr. Ponder's character for truthfulness;

31. Dr. Wild's knowledge regarding specific instances in which Mr. Ponder has been truthful or untruthful;

32. Dr. Wild's knowledge regarding his own background;

33. Dr. Wild's knowledge regarding his own education;

34. Dr. Wild's knowledge regarding his own employment history;

35. Dr. Wild's opinion of his own character for truthfulness;

36. Dr. Wild's knowledge regarding his own reputation for truthfulness;

37. Dr. Wild's knowledge regarding specific instances in which he has been truthful or untruthful;

38. The Complaint filed by Casun in United States District Court, District of Nevada, on December 16, 2016, against Mr. Ponder, Ms. Gunn and NVWS;

39. Dr. Wild's knowledge of transactions regarding Soheyl Ghaemian;

40. Dr. Wild's knowledge regarding the status of the Indemnification Agreement following execution of the Release and Settlement Agreement entered into with Ms. Gunn;

41. Dr. Wild's knowledge of all individuals involved with negotiating the Release and Settlement Agreement entered into with Ms. Gunn;

42. Dr. Wild's knowledge of the Indemnification Agreement executed by him in favor of Ms. Gunn;

43. Dr. Wild's knowledge of all individuals involved with negotiating the Indemnification Agreement executed by him in favor of Ms. Gunn;

44. Dr. Wild's knowledge of the guidance and services provided by Ms. Gunn during their thirty year relationship;

45. Dr. Wild's knowledge of the amount of money Ms. Gunn saved Dr. Wild during their thirty year relationship;

46. Dr. Wild's knowledge of the thirty-year personal and professional relationship with Ms. Gunn;

47. Dr. Wild's knowledge of being pursued by the German government for tax evasion to the extent related to any of the above topics;

48. Dr. Wild's knowledge of any banks accounts he holds or has held in the United States to the extent related to any of the above topics;

49. Dr. Wild's knowledge of wire transfers into bank accounts in the United States to the extent related to any of the above topics;

50. Dr. Wild's relationship with Mr. Hans-Rudolf Wild;

51. Dr. Wild's knowledge regarding Mr. Hans-Rudolf Wild's background;

52. Dr. Wild's opinion of Mr. Hans-Rudolf Wild's character for truthfulness;

53. Dr. Wild's knowledge regarding Mr. Hans-Rudolf Wild's reputation for truthfulness;

54. Dr. Wild's knowledge regarding specific instances in which Mr. Hans-Rudolf Wild has been truthful or untruthful;

55. Dr. Wild's conversations and/or communications with Mr. Hans-Rudolf Wild regarding Casun, the Woodside Property or this lawsuit;

56. Dr. Wild's knowledge of any contracts or agreements he has with Mr. Hans-Rudolf Wild;

57. Dr. Wild's relationship with Ms. Christine Drage;

58. Dr. Wild's knowledge regarding Ms. Christine Drage's background;

59. Dr. Wild's opinion of Ms. Christine Drage's character for truthfulness;

60. Dr. Wild's knowledge regarding Ms. Christine Drage's reputation for truthfulness;

61. Dr. Wild's knowledge regarding specific instances in which Ms. Christine Drage has been truthful or untruthful; and

62. Dr. Wild's conversations and/or communications, to the extent not protected by the attorney-client privilege, with Ms. Christine Drage regarding Casun, the Woodside Property or this lawsuit.

63. Dr. Wild's testimony in this case (*i.e.*, cross-examination will be permitted during the second day of the deposition on any answer provided during the first day of the deposition).

Dr. Wild has executed a declaration indicating a willingness, under certain conditions, to be deposed on March 20 and 21, 2019, in Zug, Switzerland. See Declaration of Voluntary Appearance dated December 20, 2019, attached hereto as **Exhibit A** (indicating a willingness to appear for a deposition in Switzerland to be held in the period between (and including) March 20-26, 2019). As set forth in the Declaration of Voluntary Appearance, Dr. Wild's conditions are:

(i) Any applicable provisions, rules or other measures imposed by Swiss law and/or the Hague Convention of 18 March 1970 on the taking of Evidence Abroad in Civil or Commercial Matters regarding the holding of depositions or otherwise obtaining evidence in Switzerland by a foreign authority will be strictly adhered to;

(ii) Any approval required from any Swiss governmental authority to conduct such deposition will be obtained prior to the commencement of the deposition; and

(iii) Upon [Dr. Wild's] request, the deposition will either be conducted in German or a German interpreter will be present to translate the questions and answers during the deposition.

Id.

As set forth in the Declaration of Voluntary Appearance, Dr. Wild is: (1) cooperating of his own accord; (2) knows that he cannot be subject to any coercive measures; (3) knows he cannot be forced to participate or to appear; and (4) knows that he has the right to invoke an exemption or a prohibition to give evidence provided for by either the laws of Switzerland or Nevada. Id. Notwithstanding the foregoing, Dr. Wild's deposition taking place in Switzerland is further permitted by this Court subject to the condition that Dr. Wild answers relevant questions asked by all counsel, including counsel for Ms. Gunn and Mr. Ponder. The Court has reserved the option to require Dr. Wild to appear for further deposition in Nevada if the conditions are not met.

/ / /

/ / /

### G. Procedure for Obtaining Evidence

If authorized, Dr. Wild's testimony will be obtained by the commissioners at the offices of a law firm in Zug, Switzerland, and will be under oath and recorded by video and stenography. As requested by Dr. Wild, the deposition will either be conducted in German or a German interpreter will be present to translate the questions and answers during the deposition.

## II. OTHER REQUIREMENTS

### A. Information Regarding the Deposition (if permitted)

1. <u>Notice to the competent authority of the date and time the evidence will be taken</u>

   If permitted, Plaintiff's deposition of Dr. Wild will be conducted on March 20, 2019. If permitted, Defendants'/Third-Party Plaintiff's deposition of Dr. Wild will be conducted on March 21, 2019.

2. <u>Notice to the persons from whom the evidence is sought</u>

   Dr. Wild will be given due notice (in German) of the fact that he is invited to give deposition testimony. Importantly, Dr. Wild has already consented to participate in the requested deposition. <u>See</u> Exhibit A.

### B. Fees and Costs

Plaintiff will advance the reasonable copy costs and charges associated with the processing and handling of this request by the High Court of Zug. Defendant and Third-Party Plaintiff will reimburse Plaintiff for fifty percent (50%) of the costs and charges advanced. For the purpose of determining the court fees, the parties estimate the amount in dispute to be in excess of USD $3,000,000.

### C. Reciprocity

This Court expresses its sincere willingness to provide similar assistance to the courts of the Swiss Confederation, if future circumstances so require.

## III. CONCLUSION

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Amended Letter of Request seeking the testimony described herein,

from the High Court of Zug. This Court extends to all judicial and other authorities of the Swiss Confederation the assurances of its highest consideration.

Dated: February 1, 2019

*George Foley Jr.*

The Honorable GEORGE W. FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE,
UNITED STATES DISTRICT COURT,
DISTRICT OF NEVADA

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

3061702 (9914-1)

Page 14 of 14

# EXHIBIT A

## Dr. Hans-Peter Wild, Kirchenstrasse 4, 6300 Zug, Switzerland

To
Aaron R. Maurice, Esq.
Kolesar & Leatham
400 S. Rampart Blvd., Suite 400
Las Vegas, NV 89145

**Zug, Switzerland, 20 December 2018**

Dear Mr. Maurice,
Reference is made to the proceedings filed by Casun Invest AG in United States District Court, District of Nevada, Case No. 2:16-cv-02925-JCM-GWF (*Case*).
I hereby confirm that I am prepared to voluntarily appear for a deposition in Switzerland to be held in the period between (and including) 20 March 2019 and 26 March 2019 initiated by the plaintiff, defendants or third-party plaintiff in the Case provided that:
- (i) Any applicable provisions, rules or other measures imposed by Swiss law and/or the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters regarding the holding of depositions or otherwise obtaining evidence in Switzerland by a foreign authority will be strictly adhered to;
- (ii) Any approval required from any Swiss governmental authority to conduct such deposition will be obtained prior to the commencement of the deposition; and
- (iii) Upon my request, the deposition will either be conducted in German or a German interpreter will be present to translate the questions and answers during the deposition.

I hereby declare that by agreeing to and confirming the above:
- (i) I am cooperating of my own accord;
- (ii) I know that I cannot be subjected to any coercive measures;
- (iii) I know that I cannot be forced to participate or to appear; and
- (iiii) I know that I have the right to invoke an exemption or a prohibition to give evidence provided for by

either the laws of Switzerland or Nevada.

Kind regards

*[signature]*

Dr. Hans-Peter Wild