UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CASUN INVEST, A.G., a Swiss corporation,<br><br>Plaintiff,<br>v.<br><br>MICHAEL H. PONDER, LEZLIE GUNN, and NVWS PROPERTIES, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No.: 2:16-cv-2925-JCM-GWF<br><br>**ORDER** |

This matter is before the Court on Defendants' Motion to Compel Production of Documents from Non-Parties Weil & Drage, and Christine E. Drage (ECF No. 175), filed on April 24, 2019. Also before the Court is Weil & Drage and Christine E. Drage's Motion to Quash Subpoenas (ECF No. 185) and Motion for Sanctions (ECF No. 186) on May 6, 2019.

**BACKGROUND**

This action concerns the transfer of real property located in Woodside, California that was formerly owned by Plaintiff Casun Invest A.G. ("Casun"). *Complaint* (ECF No. 1). Plaintiff alleges that Defendant Michael Ponder was an employee and director of Casun and had full authority to convey real property controlled by or belonging to Casun that was located in the United States. On April 17, 2013, Ponder executed a deed purporting to transfer the subject property to NVWS Properties, LLC ("NVWS"), an entity that was formed by Defendant Lezlie Gunn only three weeks before the transfer. Ponder allegedly transferred the property in exchange for $1,500,000. Ponder, however, never informed Casun of the transfer or delivered the sales proceeds to it. Plaintiff alleges, on information and belief, that Ponder and Gunn have a

1

close personal relationship. It notes that in addition to forming NVWS in March 2013, Gunn also filed articles of incorporation for Woodside Gate LLC in March 2013, and Ponder serves as a manager of Woodside Gate LLC. Plaintiff alleges claims for constructive trust, equitable lien, and unjust enrichment against NVWS and Gunn. It alleges claims for breach of fiduciary duty and constructive fraud against Ponder, and a claim for aiding and abetting Ponder's breach of fiduciary duty against NVWS and Gunn. Plaintiff also alleges a claim for civil conspiracy against Ponder, NVWS and Gunn. Defendant Gunn has alleged a Third Party Complaint against Hans-Peter Wild ("Dr. Wild") for express indemnity pursuant to an agreement that Dr. Wild entered into on April 22, 2015.

The Court is aware from other actions that Lezlie Gunn filed against Dr. Wild in this district (which were dismissed based upon lack of personal jurisdiction over Dr. Wild), as well as documents filed in this action, *see Findings and Recommendation* (ECF No. 96), that Ms. Gunn and Dr. Wild were involved in a long term personal and business relationship that ended some time prior to December 21, 2015. Christine E. Drage is an attorney at law, who has served as legal counsel to Dr. Wild and his companies, and who also acted as counsel for Lezlie Gunn prior to the termination of her business and personal relationship with Dr. Wild. Ms. Drage has since become involved in a personal relationship with Dr. Wild, which allegedly did not begin until after the end of Ms. Gunn's personal relationship with Dr. Wild.

Discovery in this action began in early 2017. The discovery period has been extended three times, due in substantial part to the need to depose Dr. Wild in Switzerland. On March 20, 2019 (fifteen days prior to the close of discovery on April 4, 2019), Defendants obtained the issuance of subpoenas duces tecum directed to attorney Christine Drage and her law firm Weil & Drage which demanded production of the following documents:

> 1. All documents pertaining to or regarding in any way, Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside, California 94062, including but not limited to telephone records, electronic mail, invoices, bills, payments, and/or passport records.
>
> 2. All documents pertaining to or regarding in any way, the assets of Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G.,

2

and/or the property located at 140 Josselyn Lane, Woodside, California 94062, including but not limited to telephone records, electronic mail, invoices, bills, payments, and/or passport records.

3. All documents regarding communications with Hans Peter Wild that pertain to or mention Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside, California 94062, including but not limited to emails or electronic communications, such as text messages.

4. All documents regarding communications with Hans Rudolph Wild that pertain to or mention Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside, California 94062, including but not limited to emails or electronic communications, such as text messages.

5. All documents regarding communications with Donna DiMaggio.

6. All documents regarding communications with Donna DiMaggio that pertain to or mention Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside, California 94062, including but not limited to emails or electronic communications, such as text messages.

7. All emails that Christine Drage drafted, wrote, received or reviewed, in whole or in part, on behalf of Hans Peter Wild.

8. All emails that Christine Drage drafted, wrote, received or reviewed regarding or mentioning in any way Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside, California 94062.

9. All documents pertaining to or regarding in any way, Casun Invest, A.G. or the lawsuit styled *Casun Invest, A.G. v. Michael H. Ponder, Lezlie Gunn, and NVWS Properties LLC*, Civil Action No. 2:16-cv-02924-JCM-GWF, presently pending in the United States District Court for the District of Nevada.

10. All documents regarding communications with Gregory Beaver, regarding Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside, California 94062, including but not limited to emails or electronic communications, such as text messages.

11. All documents regarding communications with Roger Eaton, regarding Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside,

3

   California 94062, including but not limited to emails or electronic communications, such as text messages.

   12. All documents pertaining to the property of 3044 Cormorant Road, Pebble Beach, California 93953 in or about September 2017 and reason for entering of property.

Defendants' process server unsuccessfully attempted to serve the subpoena at Ms. Drage's residence in Park City, Utah on March 26, 27, and 31, and on April 1, 2019. On three of those occasions, the process server noted that there may have been someone inside the residence who did not answer. On April 1, 2019, a person at the door identified himself as Ms. Drage's husband, but would not say if she was at home. The subpoena was left with a person at Ms. Drage's property on April 1, 2019.

## DISCUSSION

**1. Whether the Subpoena Was Properly Served on Christine Drage.**

Defendants argue that service of the subpoena on Christine Drage, by leaving a copy of the subpoena with a person at her residence, should be upheld because (1) Defendant's process server made diligent efforts to personally serve Ms. Drage; (2) Ms. Drage evaded personal service; and (3) Ms. Drage actually received the subpoena on or about April 1, 2019. Ms. Drage argues, however, that Rule 45(b)(1) of the Federal Rules of Civil Procedure requires personal service and, therefore, the subpoena was not properly served on her.

Rule 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person, and if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Most courts have interpreted the rule to require personal service. *In re: Ex Parte Application of Pro-Sys Consultants and Neil Godfrey*, 2016 WL 6025155, at *1 (N.D.Cal. Oct. 14, 2016) (quoting *Fujikura Ltd. v. Finistar Corp.*, 2015 WL 5782351, at *5 (N.D.Cal. Oct. 5, 2015)). *Fujikura*, in turn, cites *Rijhwani v. Wells Fargo Home Mortg., Inc.*, 2015 WL 848554, at *4 (N.D.Cal. Jan. 28, 2015); *S. F. Bay Area Rapid Transit Dist. v. Spencer*, 2006 WL 2734284, at *1 (N.D. Cal. Sept. 25, 2006); *Newell v. Cnty. of San Diego*, 2013 WL 4774767, at *2 (S.D. Cal. Sept. 5, 2013); and Wright & Miller, 9A Fed. Practice & Proc. § 2454 (3d ed. 2015) ("The longstanding interpretation of Rule 45 has been that

personal service of the subpoena is required."). *Fujikura* noted that there appears to be a growing, but still minority, trend to allow substitute service of a subpoena such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash.[1] Courts are more inclined to permit alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service. *Id.* at *5.

The safest course of action when a party is unable to effectuate personal service, is to file a motion for leave to serve the subpoena by alternative means. The court in *In re: Ex Parte Application of Pro-Sys Consultants*, for example, granted the subpoenaing party's motion for alternative service based on its diligence in attempting to personally serve the subpoena on eight separate occasions. The movant also requested that the subpoenaed person's attorney accept service, but the attorney refused to do so. 2016 WL 6025155, at *2. Here, the Defendants did not file a motion to serve Christine Drage by alternative means. Instead, they moved to compel her to respond to the subpoena based on the assertion that she was properly served. Based on the majority rule, however, the subpoena was not properly served and Ms. Drage had reasonable grounds to object to it on that basis. Assuming, for sake of argument, that Court would permit Defendants to serve Ms. Drage by alternative methods, she would still be entitled to assert other objections to the subpoena, and it is reasonable to believe that she would assert the same objections as Weil & Drage.

**2. Timeliness of Subpoenas.**

Absent a stipulation between the parties or an order by the court, written discovery requests under Rules 33, 34, and 36 should be served at least 30 days before the discovery cut-off date so that they may be responded to within the discovery period. *Adobe Systems, Inc. v. Christenson*, 2011 WL 1322529, at *2 (D.Nev. April 5, 2011); *Aevoe Corp. v. AE Tech Co., Ltd.*,

---

[1] The minority view is represented by *Sanchez Martin, S.A. DE C.V. v. Dos Amigos, Inc.*, 2018 WL 2387580, at *3 (S.D.Cal. May 24, 2018) and *Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016), which state that delivery under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service.

2013 WL 4701192, at *1 (D.Nev. Aug. 30, 2013); *Reberger v. Vern*, 2019 WL 2088554, at *3 (D.Nev. Jan 15, 2019); Pruitt *v. Ryan*, 2016 WL 1376444, at *1 (D.Ariz. April 7, 2016); and *Arnott v. Ashland Hospital Corp.*, 2016 WL 7974071, at *1 (E.D. Ky. April 14, 2016). Case law regarding the timeliness of discovery subpoenas is not as clear-cut. According to *Nicholson v. City of Los Angeles*, 2017 WL 10575213, at *2 (C.D.Cal. Jan. 4, 2017), Rule 45 subpoenas are discovery devices and must be utilized within the time period permitted for discovery. The fact that performance or compliance with the subpoena does not occur until after the discovery cut-off date, however, does not render the subpoena untimely. *Id.* (citing *Liu v. Win Woo Trading, LLC*, 2016 WL 661029, at *2 (N.D.Cal. Feb. 18, 2016); and *InternMatch, Inc. v. Nxtbigthing, LLC*, 2016 121626, at *2 (N.D.Cal. March 28, 2016)). In *Brown v. Deputy #1*, 2014 WL 842946, at *7 (S.D.Cal. March 4, 2014), the court held that nine subpoenas served two days prior to the discovery cut-off date were untimely because the scheduling order expressly required that all discovery, including responses to discovery subpoenas, be completed prior to the discovery cut-off date. The scheduling orders in this case do not expressly require that responses to discovery subpoenas be completed within the discovery period.

  Other circumstances may render a subpoena untimely even though it was served before the discovery cut-off date. A subpoena may not be used to circumvent the requirements of Rule 34. In *Sherrill v. Dio Transport, Inc.*, 317 F.R.D. 609, 615 (D.S.C. 2016), the court quashed a subpoena which sought all non-privileged documents from plaintiff's counsel regarding his representation of the plaintiff in other claims. The court, quoting *Stokes v. Xerox Corp.*, 2006 WL 6686584, at *3 (E.D.Mich. Oct.5, 2006) and 8A Charles Alan Wright et al., Federal Practice and Procedure §2204 at 365 (2nd ed. 1994), stated that resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34. If the documents are available from a party, a request for production under Rule 34 should be used. *See also United States v. 2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. 572, 588 (D.N.M. 2015) (holding that a subpoena may not be used to circumvent the requirements of Rule 34); *Helping Hand Caregivers Ltd. v. Darden Corp.*, 2016 WL 10987313, at *2 (C.D.Cal. Feb. 17, 2016) (same); *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002) (same); and

*Voggenthaler v. Maryland Square, LLC*, 2011 WL 112115, *7 (D.Nev. Jan. 13, 2011) (same). "Courts [also] carefully scrutinize requests to obtain discovery from an adversary's counsel, in part, because of concerns that such discovery implicates communications between the adversary and its attorneys or might be used to harass an adversary's counsel." *Optronic Technologies, Inc. v. Ningbo Sunny Electronic Co., Ltd.*, 2018 WL 3845984, at *2 (N.D.Cal. Aug. 13, 2018) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986)).[2]

Ms. Drage states in her declaration that she and her law firm were retained by Dr. Wild in the fall of 2016 to provide legal services and render opinions to Dr. Wild that "related, in part, to the Casun litigation as well as other matters unrelated to Casun." *Response to Motion to Compel* (ECF No. 185), *Exhibit A*, at ¶¶ 5-7. Dr. Wild is a third party defendant in this action, and, as Defendants have previously asserted, is the principal shareholder of Casun Invest, A.G. It is likely that any non-privileged documents sought from Ms. Drage and Weil & Drage, relating to the claims or defenses in this action, would be in the possession, custody, or *control* of Dr. Wild or Casun Invest, A.G., and could have been obtained from them through timely served requests for production under Rule 34. The untimeliness of the subpoenas is also demonstrated by the fact that Defendants seek an extension of the dispositive motion deadline so that they can review documents produced in response to the subpoenas. If Defendants had timely pursued production of relevant, non-privileged documents from Casun or Dr. Wild (including any necessary motions to compel), a further extension of the dispositive motion deadline would probably be unnecessary.

**3. Overbreadth/Irrelevance of the Subpoenas.**

Rule 26(b)(1) authorizes the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and other discovery rules." Fed.R.Civ.P. 45 Advisory Committee Notes, 1970 Amendment; *see also Hampton v. Steen*, 2014 WL 2949302, at *3 (D.Or. June 27, 2014). The district court in *Moon v.*

---

[2] Rule 34(b)(2)(A) gives the responding party 30 days in which to object or respond to the request. Thus, a subpoena served on another party should be served at least 30 days before the discovery cut-off date.

*SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D.Cal.2005) noted that "[a]lthough irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." The court, quoting *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D.Conn. 2005), stated that "'[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]' and, in particular, requires the court to consider . . . 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Id.*

Generally, the party or person opposing discovery has the burden of showing why it should not be permitted. The opponent must provide specific reasons why each discovery request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *Ashcraft v. Experian Information Solutions, Inc.*, 2018 WL 6171772, at *1 (D.Nev. Nov. 26, 2018) (citing *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 553 (D.Nev. 2013)). Where a discovery request appears overbroad on its face, however, the party seeking discovery has the initial burden of showing its relevance. *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 54202, at *4 (D.Nev. Jan. 5, 2016); *Desert Valley Painting & Drywall, Inc.*, 2012 WL 4792913, at *2 (D.Nev. Oct. 9, 2012); and *Silva v. McKenna*, 2012 WL 1596971, at *2 (W.D.Wash. May 7, 2012).

A request for production of documents under Rule 34(b)(1)(A) "must describe with reasonable particularity each item or category of items to be inspected." This requirement has also been applied to subpoenas duces tecum. *Travelers Indem. Co.*, 228 F.R.D. at 113; *see also United States v. Intern. Bus. Mach. Corp.*, 83 F.R.D. 97, 107 (S.D.N.Y. 1979) ("Another element of the reasonableness requirement is that a subpoena must specify the documents sought with reasonable particularity, because vague and duplicative demands may cause confusion and disarray in responding to the subpoena."); *Bailey Industries, Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 666 (N.D.Fla. 2010) ("The subpoena should 'designate with reasonable particularity the documents, things, and [ESI] that are to be produced by the party upon whom it is served.' 9A

Wright & Miller, Federal Practice & Procedure: Civil 3d § 2457 (2008) (noting that cases discussing Fed.R.Civ.P. 34—which sets forth procedures for requesting documents from a party—provide helpful analogies regarding how specific the designation of documents must be)."); *Ford Motor Co. v. Versata Software, Inc.*, 316 F.Supp.3d 925, 931-32 (N.D.Tex. 2017) ("[A]lthough Rule 34 governs document discovery from a party and not a non-party, *see* Fed. R. Civ. P. 34(c), this reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party, *see generally Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).").

Pursuant to the 2015 amendments to Rule 26(b), the relevance of a discovery request is no longer alone sufficient to justify requiring a response from the receiving party or person. The discovery must also be proportional to the needs of the case. *Bard IVC Filters Product Liability Litigation*, 317 F.R.D. 562, 564 (D.Ariz. 2016). Proportionality is a "common-sense concept" that should be applied to establish reasonable limits on discovery. *Ashcraft*, 2018 WL 6171772, at *1 (citing *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

Defendants' subpoena requests to Ms. Drage and Weil & Drage are clearly overbroad. For example, they request all documents *pertaining to or regarding in any way*, Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., the property located at 140 Josselyn Lane, Woodside, California 94062, or Donna DiMaggio[3] without any limitation to the claims and defenses in this action. Defendants also seek *all* emails that Christine Drage drafted, wrote, received or reviewed, in whole or in part, on behalf of Hans Peter Wild, or regarding or mentioning *in any way* Lezlie Gunn, Michael H. Ponder, NVWS Properties, LLC, Casun Invest A.G., and/or the property located at 140 Josselyn Lane, Woodside, California 94062. Defendants made no attempt to limit the requests to nonprivileged documents that are relevant to the claims or defenses in this action, and which could not otherwise be obtained from Casun or Dr. Wild. Instead, Defendants argue that Weil & Drage made invalid "boilerplate" objections.

---

[3] Ms. DiMaggio is Defendants' former counsel in this lawsuit, and also represented Ms. Gunn in lawsuits that she attempted to bring against Dr. Wild in this district.

This argument is not well-taken, however, where the discovery requests are clearly overbroad on their face.

Defendants' argument that Weil & Drage is required to submit a privilege log also misses the mark. The subpoenas are directed to an attorney and her law firm who likely possess numerous documents relating to confidential communications with their clients, or attorney work product. Because the subpoena requests are grossly overbroad, Ms. Drage and Weil & Drage cannot reasonably be required to provide a privilege log for all of the confidential attorney-client communications or work product material in their possession, many of which are likely irrelevant to the claims and defenses in this case.

Weil & Drage, and Casun and Dr. Wild have submitted excerpts of Ms. Gunn's March 20, 2019 deposition testimony as evidence of her irrational allegations that Casun's attorney, Ms. Drage, and Ms. Gunn's former attorney, Donna DiMaggio, have conspired to sabotage her defense in this action, and/or to hire a "hitman" to assassinate her. The Court has considered this information as it potentially relates to the purpose of the subpoena requests. It does not, however, base its decision on this information. The subpoenas, at issue, are improper because they are untimely, overbroad, and irrelevant; and, to the extent relevant, seek documents that should have been requested from Casun or Dr. Wild. The requests also seek documents that are likely protected from disclosure by the attorney-client privilege and work product doctrine. It is on these grounds that the Court quashes the subpoenas.

**4. Whether Sanctions Should be Imposed on Defendants or Their Counsel.**

Rule 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction---which may include lost earnings and reasonable attorney's fees---on the party or attorney who fails to comply." In *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 426 (9th Cir. 2012), the court stated that Rule 45(d)(1) should be interpreted with restraint, lest the overuse of sanctions chill reasonable litigation and discovery conduct. The court noted that imposition of sanctions is appropriate where a subpoena,

requesting "all documents" relating to certain people, products or procedures, imposed an undue burden. *Id.* at 427 (citing *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813-14 (9th Cir. 2003); and *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994). Sanctions are not appropriate, however, because a subpoena requests production of privileged information, since privileges may be waived. *Id.* The mere fact that a disputed subpoena is ultimately deemed unwarranted also does not justify the imposition of sanctions. *Id.* (citing *Alberts v. HCA, Inc.*, 405 B.R. 498, 502-03 (D.D.C. 2009). In *Legal Voice v. Stormans Inc.*, 738 F.3d 1178 (9th Cir. 2013), the court further stated: "[W]hile failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions. A court may, however, impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." (citations omitted).

In *Black v. Wrigley*, 2019 WL 1877070 (S.D.Cal. April 26, 2019), the court held that sanctions under Rule 45(d) were justified. The Court employed a two-step process by which it first determined whether the subpoena at issue imposed an undue burden and, if so, what, if any "reasonable steps" the party who served the subpoena took to avoid imposing such a burden. *Id.* at *7 (citing *Molefi v. Oppenheimer Trust*, 2007 WL 538547, at *2 (E.D.N.Y. Feb. 15, 2007). The court found that the subpoena imposed an undue burden because it was facially defective and procedurally flawed. The attorney issuing the subpoena ignored the recipient's request that it be withdrawn, thereby forcing the recipient to expend time and money to prepare and file a motion to quash. The court stated that "'sanctions are properly imposed and attorneys' fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash.'" *Id.* (citing *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, 2003 WL 23018833, at 9 (S.D.N.Y. Dec. 23, 2003)).

Sanctions are not warranted against Defendants with respect to the manner of service of the subpoena on Christine Drage. As discussed above, there is a split of authority regarding whether personal service is required under Rule 45. Defendants' counsel had a good faith basis

11

for asserting that the subpoena had been properly served, particularly given the fact that their process server attempted to personally serve Ms. Drage and there was some evidence that she was avoiding service.

Sanctions are warranted, however, in regard to the subpoena served on Weil & Drage. The subpoena was clearly overbroad on its face, and, to the extent relevant, improperly sought documents from nonparty attorneys, rather than from Plaintiff or Dr. Wild through timely requests for production of documents. Weil & Drage's attorney set forth his clients' objections to the subpoenas in his April 2, 2019 letter to Defendants' counsel, including that the subpoena requests were overbroad, and unduly burdensome, and sought documents likely protected by the attorney-client privilege and work product doctrine. *Response to Motion to Compel/ Motion to Quash* (ECF Nos. 182, 185), *Exhibit G*. In his April 8, 2019 response to Weil & Drage's objections, Defendants' counsel made no proposals to limit or modify the subpoena in any manner, but simply asserted that the objections were "boilerplate," and that he intended to move forward with a motion to compel. *Motion to Compel* (ECF No. 175), *Exhibit 5*.

Defendants' counsel asserts that during the April 15, 2019 meet and confer conference, he asked Weil & Drage's attorney if there were any limitations or modifications whatsoever that could be made to the subpoena that would cause Weil & Drage or Christine Drage to produce any documents. Weil & Drage's counsel responded no, which led Defendants' counsel to conclude that the parties were at an impasse and that a motion to compel was necessary. *Motion to Compel* (ECF No. 175), at page 3. Weil & Drage's counsel disputes this version of the conference; asserting that Defendants' counsel only offered to limit one request regarding communications with Defendants' former attorney Donna DiMaggio. *Reply* (ECF No. 192), at pages 8-9. Even if Defendants' counsel's version is accepted, it appears that he placed the onus on Weil & Drage to propose limits to the subpoena. This would be appropriate if the subpoena was facially relevant and reasonable. The subpoena, however, was patently overbroad. Defendants had a duty to either substantially limit and modify the subpoena, or withdraw it in response to Weil & Drage's objections. Defendants acted unreasonably and in bad faith in serving the untimely, overbroad and irrelevant subpoena on Weil & Drage, and then pursuing a

12

motion to compel responses to the subpoena without attempting to limit the scope of the requests to nonprivileged documents relevant to the claims and defenses in this action. Weil & Drage is, therefore, entitled to an award of attorney's fees and costs, incurred in responding to Defendants' motion to compel, and in pursuing the motion to quash. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Production of Documents from Non-Parties Weil & Drage, and Christine E. Drage (ECF No. 175) is **denied**, and Non-Parties Weil & Drage and Christine E. Drage's Motion to Quash Subpoenas (ECF No. 185) is **granted.**

**IT IS FURTHER ORDERED** that Weil & Drage's Motion for Sanctions (ECF No. 186) is **granted** to the extent that Weil & Drage is awarded the reasonable attorneys' fees and costs it incurred in responding to Defendants' motion to compel and in pursuing its motion to quash the subpoena.

**IT IS FUTHER ORDERED** as follows:

1. Counsel for Weil & Drage shall, no later than fourteen (14) days from the entry of this order, up to and including **June 18, 2019**, serve and file a memorandum, supported by affidavit of counsel, establishing the amount of attorneys' fees and costs incurred as addressed in this order. The memorandum shall provide a reasonable itemization and description of work performed, identify the attorney(s) or staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Defendants shall have fourteen (14) days from service of the memorandum of costs and attorney's fees, up to and including **July 2, 2019**, in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any

. . .

. . .

. . .

equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

DATED this 4th day of June, 2019.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**