UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CASUN IVNEST, A.G., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL H. PONDER, *et al*., <br><br> Defendants. | Case No. 2:16-cv-02925-JCM-GWF <br><br> **ORDER** |

This matter is before the Court on Non-Party Weil & Drage, APC's Memorandum of Reasonable Attorneys' Fees and Costs Pursuant to Court Order (ECF No. 195), filed June 18, 2019. Defendants Michael H. Ponder and Lezlie Gunn filed their Response (ECF No. 196) on June 27, 2019. No reply has been filed.

## **BACKGROUND**

This case arises from a dispute regarding the transfer of real property. Specifically, the Complaint (ECF No. 1) alleges claims for breach of fiduciary duty, constructive fraud, civil conspiracy, unjust enrichment and requests the property be placed in a construct trust. *Id.* On April 24, 2019 Defendants' filed their Motion to Compel Production of Documents Responsive to Subpoenas Duces Tecum from Non-Parties Weil & Drage and Christine E. Drage ("Non-Parties"). *See Motion* ECF No. 175. The Court issued its Order, denying, Defendants' Motion to Compel. *See* ECF No. 194. The Court awarded Non-Parties reasonable costs and attorney's fees incurred in responding to Defendants' motion to compel and in pursuing its motion to quash subpoena. *Id.* The Court instructed Non-Parties to file their application for attorney's fees by June 18, 2019 with Defendants' response due July 2, 2019.

. . .

. . .

1

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Non-Parties requests attorneys' fees in the amount of $16,864.25[1] for work performed in preparing their response and motion to quash. The amount is based on work performed by Jason M. Wiley, Esq., at an hourly rate of $450. Defendants argue Non-Parties request for fees should be limited because its fees were largely excessive for time spent preparing and submitting two briefs. Defendants also contend that Non-Parties should not be permitted to seek fees and costs for work done prior to the filing of its motion to compel.

After reviewing Non-Parties counsel's affidavit, the Court finds that Non-Parties counsel has provided sufficient evidence showing that their hourly rate is reasonable. However, after reviewing its itemized billing entries, the Court finds that the 37.47 hours of attorney labor is

---

[1] Counsel avers that it provided legal services to both Weil & Drage and Christine Drage, individually and therefore seeks recovery of all fees incurred solely by Weil & Drage from March 20, 2019 through April 2, 2019, but only one-half of the fees incurred in defense of Weil & Drage and Christine Drage from April 2, 2019 through June 4, 2019. Counsel also seeks as all fees incurred in preparing its memorandum of attorney's fees.

1  excessive.  The Court finds that the hours involved in preparing Non-Parties' response to the
2  motion to compel, motion to quash and for labor related to such motion should take no more than
3  22.2 hours of attorney labor.  As a result, the Court will award reasonable attorney's fees to
4  Plaintiff in the amount of $10,000.00.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants must pay the amount of $10,000.00 to Non-Parties Weil & Drage and Christine Drage by no later than **August 19, 2019** unless an objection is filed.

DATED this 19th day of July, 2019.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge