UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CASUN INVEST, A.G., | Case No. 2:16-CV-2925 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| MICHAEL H. PONDER, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Casun Invest, A.G.'s motion to retax costs. (ECF No. 302). Defendant NVWS Properties, LLC (ECF No. 104) filed a response (ECF No. 304), to which plaintiff replied (ECF No. 306).

Also before the court is plaintiff's motion to certify the judgment in the Northern District of California. (ECF No. 303). Defendant filed a response (ECF No. 305), to which plaintiff replied (ECF No. 307).

**I.   Background**

The facts of this case have been extensively detailed in this court's findings of fact and conclusions of law. *See* (ECF No. 291). The court briefly highlights only the subsequent procedural history pertinent to the instant motions.

In May 2022, this court held a three-day bench trial. (*Id.*) On July 15, 2022, it entered its findings of facts and conclusions of law and ordered judgment entered in favor of plaintiff against defendant on the claim of unjust enrichment, as well as $2.5 million in compensatory damages. (*Id.*) It found in favor of defendant and its two co-defendants on all other claims. (*Id.*) The court's last conclusion of law stated: "Each party is to bear its own costs and fees." (*Id.*)

**James C. Mahan**
**U.S. District Judge**

Following entry of judgment, plaintiff filed a bill of costs. (ECF No. 294). Defendant objected to that bill of costs (ECF No. 296), and plaintiff responded (ECF No. 300). The clerk, considering these filings, declined to tax costs based on the court's conclusions of law. (ECF No. 301).

Plaintiff now moves to retax costs, arguing that this court's conclusion of law was ambiguous, and it disposed only of the final claim for relief requesting costs as special damages. rather than precluding it, as the prevailing party, from filing a bill of costs pursuant to NRS 18.020. (ECF No. 302). Plaintiff also moves for an order certifying the judgment for registration in the Northern District of California, pursuant to 28 U.S.C. § 1963. (ECF No. 303).

**II.      Legal Standard**

   **a.**   Motion to Retax Costs

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The rule creates a presumption in favor of awarding costs but gives the court the discretion to deny them as well. *Assoc. Of Mex. Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The court considers whether the non-prevailing party sufficiently shows "why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). The court must specify reasons for its *denial of costs* only. *Id.* at 945; *see also Champion Produce, Inc. v. Ruby Robinson, Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (enumerating reasons a court can deny costs). An award of costs is also governed by 28 U.S.C. § 1920, which enumerates the litigation expenses that the court can tax.

The court's local rules provide more specific procedures for taxation of costs. A prevailing party must file and serve a bill of costs no later than fourteen days after the entry of judgment. LR 54-1(a). The bills of costs must be "supported by an affidavit and distinctly set forth each item so that its nature can be readily understood. An itemization and, where available, documentation of requested costs in all categories must be attached to the bill of costs." LR 54-1(b).

If the non-prevailing party objects to the bill of costs, the clerk "may prepare, sign, and enter an order disposing of a bill of costs, subject to a motion to re-tax under LR 54-12." LR 54-

**James C. Mahan**
**U.S. District Judge**

1(e).  "A motion to re-tax must specify the particular portions of the clerk's ruling to which the party objects, and only those portions of the clerk's ruling will be considered by the court. The motion to re-tax will be decided on the same papers and evidence submitted to the clerk." LR 54-12(b).

### b. Motion to Certify Judgment

Typically, a district court judgment becomes enforceable thirty days after entry. Fed. R. Civ. Pro. 62(a).  That judgment may be enforced only in the district in which it was rendered unless it is registered in another district court.  28 U.S.C. § 1963.

> A judgment in an action for the recovery of money or property entered in any [ ] district court ... may be registered by filing a certified copy of the judgment in any other district [ ], ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown .... A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

*Id.*

Pursuant to that statute, a district court may issue an order certifying a judgment for registration during the pendency of an appeal upon a finding of good cause.  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001).  Good cause exists where there is "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum."  *Id.* at 1197–98 (quotation and citations omitted).

### III. Discussion

#### a. Motion to Retax Costs

The parties dispute the application of NRS 18.020 to plaintiff's bill of costs.  Nevada law provides "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases . . . (3) In an action for the recovery of money or damages, where the plaintiff seeks to recover more than $2,500."

This court's findings of fact and conclusions of law stated, as the last conclusion of law, "[e]ach party is to bear its own costs and fees." (ECF No. 291 at 11).  The Ninth Circuit has previously held that a court abuses its discretion when it holds without explanation that each party

**James C. Mahan**
**U.S. District Judge**

- 3 -

should bear its own costs in the face of a cost-shifting statute. *See Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978).

NRS 18.020 is a mandatory statute; the trial court "shall" allow costs when the requirements of the statute are met. *See Beattie v. Thomas*, 668 P.2d 268, 274 n.5 (Nev. 1983); *Elletson v. Chalmers Auto., LLC*, No. 2:17-cv-1107-JCM-VCF, 2020 WL 376647 (D. Nev. Jan. 23, 2020), *order corrected on other grounds*, No. 2:17-cv-1107-JCM-VCF, 2020 WL 2615903 (D. Nev. May 22, 2020). It is axiomatic that a federal court sitting in diversity applies state substantive law and federal procedural law. *See Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938)).

The weight of precedent from this district and the Ninth Circuit leads to the conclusion that NRS 18.020 is a substantive right, not a procedural right. *See Coker Equipment Co., Inc. v. Wittig*, 366 Fed. Appx. 729, 733 (9th Cir. 2010) (remanding to explain why costs were not taxed pursuant to NRS 18.020 in a diversity suit); *Jacobi v. Ergen*, 2:12-cv-02075-JAD-GWF, 2016 WL 7422642 (D. Nev. Dec. 21, 2016) (holding that reimbursement under NRS 18.005 and 18.020 is a substantive right and therefore controls over FRCP 54(d) in diversity actions); *Atwell v. Cent. Fla. Invs.*, 2:15-cv-02122-RFB-PAL, 2020 WL 13138255 (D. Nev. Nov. 30, 2020) (same); *Bustos v. Dennis*, 2:17-cv-0822-KJD-VCF, 2021 U.S. Dist. LEXIS 129123, 2021 WL 7829774 (D. Nev. July 12, 2021) (same). Therefore, the court must award costs pursuant to NRS 18.020's substantive grant of costs to the prevailing party.

A prevailing party under NRS 18.020 is a party that wins on "at least one of its claims." *Golightly & Vannah PLLC v. TJ Allen, LLC*, 373 P.3d 103, 107 (Nev. 2016). Here, plaintiff prevailed on one of its claims (the unjust enrichment claim) and achieved its primary goal (damages equivalent to the value of the property). It is proper for a district court to exercise its discretion and reduce a cost award where a prevailing party succeeds on some, but not all, of its claims. *See Yonemoto v. Shulkin,* 725 F. App'x 482, 485 (9th Cir. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435–37 (1983); *McCown v. City of Fontana*, 565 F.3d 1097, 1104 (9th Cir. 2009); *McGinnis v. Ky. Fried Chicken*, 51 F.3d 805, 810 (9th Cir. 1994)). However, the court will not exercise its discretion to do so here. The claims in this case were highly interrelated, and

**James C. Mahan**
**U.S. District Judge**

it would be near impossible for any party to determine which costs related to which claim. *See Garity v. Brennan,* No. 2:11-cv-01805-RFB-CWH, 2022 WL 990639, at *3 (D. Nev. Mar. 31, 2022). Further, defendant's contention that costs for travel to Switzerland were unnecessary and thus untaxable fails to consider that the deposition took place there pursuant to this court's order. *See* (ECF No. 135).

Plaintiff is thus the prevailing party for the purposes of this suit, and the interrelated nature of the claims in this suit does not justify a reduction of costs. Likewise, defendant's contention that plaintiff's "other costs" are not itemized is without merit. Plaintiff's request for $26,878 in "other fees" is fully itemized in counsel's declaration attached to the bill of costs and the accompanying exhibits. *See* (ECF No. 294-1 at 3) (listing exhibits containing the invoices). The court therefore GRANTS plaintiff's motion to retax costs and directs the clerk to tax $48,585.44 in costs against defendant.

b. Motion to Certify Judgment

Plaintiff also moves to certify this court's judgment in the Northern District of California pursuant to 28 U.S.C. § 1963. It argues that defendant has no assets in Nevada, and a substantial asset in the Northern District of California—the property at issue in this case. (ECF No. 303 at 4).

Defendant provides no evidence of property in Nevada. Likewise, it does not dispute that it owns property in the Northern District of California. *See* (ECF No. 305). That alone provides good cause for registration. *See Columbia Pictures*, 259 F.3d at 1198. The court thus GRANTS plaintiff's motion for certification and directs the clerk to certify the judgment for registration in the Northern District of California.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to retax costs (ECF No. 302) be, and the same hereby is, GRANTED. The clerk is instructed to tax costs in the amount of $48,585.44 pursuant to plaintiff's bill of costs (ECF No. 294)

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    IT IS FURTHER ORDERED that plaintiff's motion to certify the judgment (ECF No. 303) be, and the same hereby is, GRANTED.  The clerk is instructed to certify the judgment for registration in the Northern District of California.

DATED January 20, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -